**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000524
22-FEB-2024
07:52 AM
Dkt. 79 SO**

NO. CAAP-22-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JASON W. LANGEVIEN, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-20-0000976)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Jason Langevien (**Langevien**) appeals from the Judgment of Conviction and Sentence (**Judgment**), entered by the Circuit Court of the First Circuit (**circuit court**) on August 1, 2022,[1] for Unauthorized Entry into Motor Vehicle in the First Degree.[2]

---

[1]    The Honorable Paul B.K. Wong presided.

[2]    Hawaii Revised Statutes § 708-836.5 (2014) states, in pertinent part,

(continued . . .)

Langevien raises two points of error on appeal. He contends: (1) the circuit court erred in denying his Motion in Limine to exclude the DNA expert's testimony, and (2) the State committed prosecutorial misconduct during the hearing on Langevien's Motion in Limine (**motion in limine**), closing statement, and rebuttal closing statement. Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the circuit court erred in admitting the DNA evidence. We thus vacate the Judgment, and remand this case for a new trial.

Langevien specifically contends that the circuit court erred when it denied his motion in limine to exclude: (1) the DNA chart that the State's DNA expert Adam Orimoto (**Orimoto**) had "prepared which compared the numbers from several loci from the DNA profiles of the samples obtained from the flashlight and the knife, with the numbers from the same loci obtained from Defendant's full DNA profile"; and (2) "Orimoto's testimony about the comparisons because the correspondences between the numbers from the samples and the numbers from Defendant's DNA

---

(continued . . .)
**Unauthorized entry into motor vehicle in the first degree.**
(1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.

profile created the impression that the samples incriminated Defendant[.]"  Langevien contends that the evidence had a "confusing nature" and "[gave] the jury the false impression that the DNA on the samples incriminated" him.  Langevien's contentions have merit.

"The admissibility of evidence requires different standards of review depending on the particular rule of evidence at issue."  State v. Cordeiro, 99 Hawaiʻi 390, 403-04, 56 P.3d 692, 705-06 (2002) (citation omitted).  Here, Langevien moved in limine to exclude expert testimony on the basis that it lacked probative value pursuant to Hawaii Rules of Evidence (**HRE**) Rule 403, and we thus review the circuit court's ruling for abuse of discretion.  State v. Pulse, 83 Hawaiʻi 229, 247, 925 P.2d 797, 815 (1996) ("Evidentiary decisions based on HRE 403, which require a 'judgment call' by the trial court, are reviewed for an abuse of discretion.") (citation omitted).

The circuit court abused its discretion in permitting Orimoto, utilizing the chart as a "demonstrative aid," to testify extensively at trial on the clearly inconclusive DNA evidence.  This testimony lacked probative value, given that it neither inculpated nor exculpated Langevien.  Moreover, its introduction prejudiced Langevien by suggesting that, however inconclusive, Langevien's DNA could not be excluded from the DNA

samples collected at the crime scene.[3]  This opened the door for the prosecution to reference the DNA evidence during closing argument, as one of "[e]leven pieces of evidence" of Langevien's guilt.[4]  We conclude, on this record, that the circuit court abused its discretion in admitting the inconclusive DNA evidence.

For the foregoing reasons, the circuit court's Judgment of Conviction and Sentence, filed on August 1, 2022, is vacated, and this case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, February 22, 2024.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[3]     The circuit court, in ruling on the motion in limine, noted that "Mr. Langevien cannot be included, cannot be excluded[,]" because "[t]here is no DNA match[.]"  Orimoto testified at trial that the DNA testimony presented "essentially no conclusions" because it was "inconclusive."

[4]     Defendant contends that this statement, *inter alia*, constituted prosecutorial misconduct.  Given our conclusion that the circuit court erred in admitting the inconclusive DNA evidence, we do not reach Langevien's contention of prosecutorial misconduct.